**FILED**

JUL 0 2 2012

United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-57848-ASW |
| BRUCE C. WILLIAMS, | Chapter 13 |
| Debtor. | |
| BRUCE C. WILLIAMS, | Adv. Proc. No. 11-5336 |
| Plaintiff, | |
| vs. | |
| ONEWEST BANK/INDYMAC BANK, | |
| Defendant. | |

**MEMORANDUM DECISION GRANTING MOTION TO DISMISS, WITHOUT PREJUDICE**

This matter comes before the Court on a Motion to Dismiss Adversary Complaint filed by Defendant OneWest Bank, named in the complaint as Defendant OneWest Bank/Indymac Bank (hereafter "Defendant"), represented by attorney Kim Bui. Plaintiff Bruce Williams (hereafter "Plaintiff"), who commenced this action pro se but is now represented by attorney Lyle Johnson, opposes the motion. The Court has considered all of the parties' papers with regard to the instant motion and finds that there is no need for

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1   oral argument. For the following reasons, the Court grants the

2   motion to dismiss, without prejudice, and will give Plaintiff an

3   opportunity to file an amended complaint now that Plaintiff has the

4   benefit of legal counsel.

5       In this adversary proceeding, which Plaintiff commenced on

6   November 30, 2011, Plaintiff's claims are premised upon an

7   anticipated trustee sale of real property located at **1899 Concourse**

8   **Drive in San Jose, CA.** In addition to claiming a violation of the

9   automatic stay and alleging violations of the Truth in Lending Act

10   and the Real Estate Settlement and Procedures Act (hereafter

11   "RESPA"), Plaintiff also asserts numerous claims under state law

12   for fraud, quiet title, reformation, and violation of various

13   California statutes. Plaintiff seeks monetary, declaratory, and

14   injunctive relief.

15       The motion to dismiss is premised upon several different rules

16   of civil procedure. Defendant contends that the complaint fails to

17   comply with Fed. R. Bankr. P. 7008 and Fed. R. Civ. P. 8(a)'s

18   requirement that the statement of claims be short and plain.

19   Invoking Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(1),

20   Defendant contends that Plaintiff lacks standing to assert claims,

21   because Plaintiff was not the borrower on the loan for real

22   property located at **209 North Winchester Blvd, Santa Clara, CA** -- a

23   property which is also mentioned in the complaint. As for the

24   fraud claims, Defendant asserts that Plaintiff did not plead fraud

25   with the particularity required by Fed. R. Bankr. P. 7009 and Fed.

26   R. Civ. P. 9(b). With regard to any RESPA claim, Defendant moves

27   for dismissal on the grounds that Plaintiff has failed to state a

28   claim for relief under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P.

1   12(b)(6).  Defendant further contends that Plaintiff cannot seek to

2   set aside the nonjudicial foreclosure without tendering loan

3   proceeds, and that the sale did not violate the automatic stay

4   because the bankruptcy court granted in rem relief before the sale.

5   Defendant also makes other arguments for dismissal of the state

6   statutory claims which appear to fall under Rule 12(b)(6).

7       In Plaintiff's opposition, Plaintiff contends that because the

8   complaint was filed pro se, the complaint should be held to less

9   stringent pleading standards and all allegations in the complaint

10  should be liberally construed.  Plaintiff contends that, now that

11  Plaintiff has counsel, if there are any deficiencies with the

12  complaint, Plaintiff should be given an opportunity to amend.

13  Plaintiff also argues that Plaintiff has standing to challenge the

14  foreclosure because Plaintiff had an ownership interest in the

15  property.  Further, Plaintiff contends that the complaint complies

16  with Rule 8(a), and Plaintiff -- as a pro per litigant -- did the

17  best Plaintiff could to pinpoint all issues, allegations, and

18  injuries.  Plaintiff also argues, in general terms, that fraud was

19  alleged with the requisite particularity, and that Plaintiff has

20  adequately pled the remaining claims.

21      In reply, Defendant requests dismissal with prejudice on the

22  basis that the response fails to adequately address the points

23  raised in the motion to dismiss, and Plaintiff can assert no

24  legally supportable theories in an amended complaint.  Defendant

25  also appears to contend that the Court should not consider

26  Plaintiff's late-filed opposition, because Plaintiff or Plaintiff's

27  attorney had sufficient notice of the motion in order to prepare a

28  timely opposition.

1    The Court will grant the motion to dismiss, without prejudice,
2  but finds it unnecessary to reach all of the arguments raised in
3  the motion.  First, as Defendant contends, the complaint does not
4  comport with Fed. R. Civ. P. 8(a).  Rule 8(a) provides that a
5  pleading which states a claim for relief must contain a short and
6  plain statement of the claim showing that the pleader is entitled
7  to relief. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56
8  (2007), the Supreme Court explained that a short and plain
9  statement of the claim is necessary "in order to give the defendant
10 fair notice of what the ... claim is and the grounds upon which it
11 rests[.]"

12    The complaint does not comply with rule 8(a) in several
13 respects.  First, it is wholly unclear to the Court which piece of
14 real property is at issue in this case.  This confusion is evident
15 given that the motion to dismiss and the request for judicial
16 notice accompanying the motion pertain entirely to real property
17 located at **209 North Winchester Blvd, Santa Clara, CA,** which is
18 mentioned in the complaint on page 10.  However, page 1 of the
19 complaint states that Plaintiff seeks to stop a trustee sale of
20 property located at **1899 Concourse Drive in San Jose, CA.**
21 Plaintiff alleges: "Comes now Plaintiff, filed the chapter 13 (Case
22 No. 11-57848) to stop the 'trustee sale' (of **1899 Concourse Drive,**
23 **San Jose, CA** 95131 ('Subject Property')."  There are repeated
24 references in the complaint to the "subject property," but because
25 of the reference on page 10 to the North Winchester property, it
26 remains unclear which property is really at issue in the
27 litigation.
28

4

The complaint -- at 61 pages -- is also needlessly long. Rule 8 does not impose a limit on the length of a complaint, and verbosity, alone, is not a basis for dismissing a complaint. See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011). However, a complaint that is "argumentative, prolix, replete with redundancy, and largely irrelevant" can be dismissed for failure to comport with the "short and plain" pleading requirements of Rule 8. Id. (Citations omitted). Part of the rationale for dismissing a needlessly long and confusing complaint is that courts "are busy enough without having to penetrate a tome approaching the magnitude of war and peace to discern a plaintiff's claims and allegations." Id. Another reason is that such a complaint can be prejudicial to a defendant by making it difficult to admit or deny allegations and to determine what claims are being litigated. Id. The Ninth Circuit has stated on many occasions that clear and concise averments are necessary to let a defendant know exactly on what grounds the defendant is being sued. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

That said, there is no magic number of pages which renders a complaint needlessly long. Courts have dismissed 23-page complaints, see Nevijel v. North Coast Life Ins. Co., 651 F.2d 671 (9th Cir. 1981), to 70-plus-page complaints, see Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir. 1985), to 733-page complaints, see Cafasso, 637 F.3d at 1052-53. In doing so, courts consider the prolix and confusing nature of the complaints and whether the complaints contain legal arguments rather than factual allegations. For instance, in Wyoming v. United States, 279 F.3d

1214, 1222 n.7 (10th Cir. 2002), the Tenth Circuit Court of Appeals
observed that the complaint ran afoul of Rule 8(a) because it
contained "excessive legal argument and conclusions interspersed
with factual allegations, jurisdictional claims, and citations to
authority."

There are numerous paragraphs in the complaint devoted to
legal argument.  The law is obviously relevant and should be
briefed in the context of a motion to dismiss or for summary
judgment, but a detailed recitation of the applicable law --
especially to the degree present in the complaint -- is not
appropriate.

In addition to the problems with the complaint under Rule 8,
regardless of which property is at issue, Plaintiff cannot claim a
violation of the automatic stay with regard to any nonjudicial
foreclosure of either property mentioned in the complaint.   In
Plaintiff's main bankruptcy case (Case No. 11-57848-ASW), on March
23, 2012, and on a motion filed by creditor East West Bank, the
Court granted in rem relief from the automatic stay with regard to
the property located at 1899 Concourse Drive in San Jose, CA.   The
Court terminated the automatic stay for this property not only for
East West Bank, but also with regard to any assignees or
successors-in-interest of East West Bank.   The written order
granting in rem relief was issued April 7, 2012, but nonjudicial
foreclosure of the Concourse Drive property after March 23, 2012,
could not violate the automatic stay.

As for the property located at 209 North Winchester, the Court
takes judicial notice of an Order issued in the bankruptcy case of
Leon Duette, Case No. 11-52721-ASW, granting in rem relief from

1  stay for the North Winchester property effective July 12, 2011, in

2  a written order issued August 1, 2011.  Thus, nonjudicial

3  foreclosure of the North Winchester property after the Court

4  granted in rem relief from stay could not violate the automatic

5  stay.

6      To the extent Plaintiff asserts claims of fraud, Plaintiff did

7  not particularly plead such claims.  When claims of fraud are

8  asserted, a plaintiff's burden of pleading facts is heightened. Not

9  only must a plaintiff's complaint comport with Rule 8(a), but under

10 Fed. R. Bankr. P. 7009, which incorporates Fed. R. Civ. P. 9 and,

11 most significantly, Rule 9(b), "the circumstances constituting

12 fraud" must be pled with particularity. Under Rule 9(b),

13 allegations of fraud must be "specific enough to give defendants

14 notice of the particular misconduct ... so that they can defend

15 against the charge and not just deny that they have done anything

16 wrong[.]" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir.

17 2009) (cites and quotes omitted).  Pleading fraud with

18 particularity requires pleading "the who, what, when, where, and

19 how" of the alleged fraudulent acts.  Id.

20     Plaintiff makes sweeping assertions of fraud in the complaint,

21 but offers no specifics.  Plaintiff alleges no particular dates on

22 which particular people engaged in particular acts constituting

23 fraud, and mentions none in opposition to the motion.  Such factual

24 allegations are required in order to properly plead a claim of

25 fraud.

26     Therefore, the Court grants the motion to dismiss, but does so

27 without prejudice.  The Court appreciates that Plaintiff filed the

28 original complaint pro se, and Plaintiff subsequently found an

1  attorney to represent Plaintiff in this matter.  Therefore,

2  Plaintiff shall have the option of preparing a new, more concise

3  pleading.  Plaintiff shall have 45 days from the date of this Order

4  to file an amended complaint.  The hearing set for July 3, 2012 at

5  2:15 p.m. is vacated.

6       IT IS SO ORDERED.

7

8  Dated: July 2, 2012

9                                    _____
                                     ARTHUR S. WEISSBRODT
10                                   UNITED STATES BANKRUPTCY JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bruce C. Williams
1899 Concourse Drive
San Jose, CA 95131

Lyle W. Johnson
Law Offices of Lyle W. Johnson
152 N 3rd St. #510
San Jose, CA 95112

Kim A. Bui
Allen Matkins Leck Gamble Mallory Natsis
515 S. Figueroa St. Ninth Floor
Los Angeles, CA 90071

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California